In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1859

MARY T. JANETOS, et al.,

*Plaintiffs-Appellants*,

*v.*

FULTON FRIEDMAN & GULLACE, LLP and
ASSET ACCEPTANCE, LLC,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 12 C 1473 — **Thomas M. Durkin**, *Judge*.

ARGUED JANUARY 12, 2016 — DECIDED APRIL 7, 2016

Before BAUER and HAMILTON, *Circuit Judges*, and
PETERSON, *District Judge*.[*]

HAMILTON, *Circuit Judge*. Section 1692g(a)(2) of the Fair
Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, requires
a debt collector to disclose to a consumer "the name of the

---

[*] The Honorable James D. Peterson, United States District Judge for the
Western District of Wisconsin, sitting by designation.

creditor to whom the debt is owed," either in its initial communication with the consumer or in a written notice sent within the next five days. When defendant Fulton Friedman & Gullace, LLP set out to collect debts from the plaintiffs on behalf of creditor Asset Acceptance, LLC, it sent them letters that identified Asset Acceptance as the "assignee" of the original creditors but said that the plaintiffs' accounts had been "transferred" from Asset Acceptance to Fulton. Nowhere in the letters did Fulton explicitly identify Asset Acceptance as the current creditor.

Plaintiffs brought suit alleging that Fulton had violated §§ 1692e, 1692e(10), and 1692g(a)(2) of the Act by failing to disclose the current creditor's name and that Asset Acceptance was vicariously liable for Fulton's violations. The district court granted defendants' motion for summary judgment. The court held that the letters were ambiguous as to the identity of the current creditor but that plaintiffs needed to present extrinsic evidence of confusion, like a consumer survey, to survive summary judgment. The court also held that even if plaintiffs had presented such evidence, their claims would still fail because the ambiguity about the identity of the current creditor was immaterial, meaning it would neither contribute to nor undermine the Act's objective of providing "information that helps consumers to choose intelligently." See *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009).

We reverse. The district court correctly found that the letters were unclear, but it erred in finding that additional evidence of confusion was necessary to establish a § 1692g(a)(2) violation. Section 1692g(a) requires debt collectors to disclose

specific information, including the name of the current creditor, in certain written notices they send to consumers. If a letter fails to disclose the required information clearly, it violates the Act, without further proof of confusion. Section 1692g(a) also does not have an additional materiality requirement, express or implied. Congress instructed debt collectors to disclose this information to consumers, period, so these validation notices violated § 1692g(a). Finally, because Asset Acceptance is itself a debt collector, it is liable for the violations of the Act by its agent. We remand this case to the district court for further proceedings consistent with this opinion.

I.   *Background*

Factually speaking, this case is a simple one. Asset Acceptance is a debt collector that acquired, or claimed to have acquired, consumer debts purportedly owed by the various plaintiffs. Later, pursuant to § 1692g, Fulton sent its initial collection notices to the plaintiffs (or, for those plaintiffs with legal representation, to their attorneys). The letters followed essentially the same template. We quote the letter sent to plaintiff Erik King, but there are no meaningful differences among the letters. Before the salutation, each letter had a heading in roughly the following form:

> Re:   Asset Acceptance, LLC Assignee of AMERISTAR
> Original Creditor Acct #: XX0682
> Fulton, Friedman & Gullace, LLP Acct #: XXXXXX2109
> Balance Due: $17479.24

Letters sent to attorneys rather than directly to the consumers had the consumer's name in the first line followed by the reference to Asset Acceptance as assignee in the second. The letters began: "Please be advised that your above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP." They also said that if the consumer had "already entered into a payment plan or settlement arrangement with Asset Acceptance, LLC," Fulton was "committed to honoring the same," and instructed consumers to direct all future contact, including any questions they had, to Fulton's offices. The letters provided no additional details about the relationship between Asset Acceptance and Fulton. Nowhere did they say who currently owned the debt.[1]

Lawsuits by plaintiffs Mary T. Janetos, Erik King, Pamela Fujioka, and Ignacio Bernave were eventually combined in one action. They alleged that the letters violated § 1692g(a)(2) of the Fair Debt Collection Practices Act by failing to identify the current creditor or owner of the debt. They also alleged the letters violated § 1692e and e(10), which prohibit the use of false or misleading representations or means in connection with the collection of a consumer debt. In July 2014, the district court certified a plaintiff class consisting of consumers who received the letters personally and a subclass of consumers who had been sent the letters in care of their attorneys.

On cross-motions for summary judgment, the district court ruled in favor of defendants. Addressing first the § 1692e and e(10) claims, the court acknowledged the form letter's ambiguity on the question of the current owner of the

---

[1] A complete example of each type of letter is included in an appendix at the end of this opinion.

debt, noting that the word "transferred" could mean either conveyance of title or assignment for collection and that, applying the ordinary meaning of "transfer," the letter did not "suggest any particular form or method of conveyance." Nevertheless, the court held that the ambiguous letter and plaintiffs' affidavits attesting to their own confusion failed to create a genuine dispute of material fact for trial under § 1692e and that plaintiffs failed to offer evidence that the omission met the materiality requirement we have found implied for most § 1692e claims. The district court then rejected the plaintiffs' § 1692g(a)(2) claim on the same grounds as the § 1692e and e(10) claims, including lack of materiality. Plaintiffs have appealed.

II.  *Analysis*

The Fair Debt Collection Practices Act is designed to protect consumers from abusive and unfair debt collection practices. See 15 U.S.C. § 1692(e); *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). To help accomplish that goal, § 1692g(a) provides that in either the initial communication with a consumer in connection with the collection of a debt or another written notice sent within five days of the first, a debt collector must provide specific information to the consumer. The required information includes "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Plaintiffs argue that the letters they received failed to make that disclosure. Plaintiffs have also claimed that the failure violated the more general requirements of § 1692e and e(10), but at oral argument, plaintiffs' counsel agreed those claims add nothing here to the § 1692g(a)(2) claim, so we focus our attention on § 1692g(a)(2).

A.  *The Violations of § 1692g(a)(2)*

When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form. Otherwise, as we have said, "the collection agency could write the letter in Hittite and have a secure defense." *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004). To satisfy § 1692g(a), the debt collector's notice must state the required information "clearly enough that the recipient is likely to understand it." *Id.;* see also *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997) (debt collector may not defeat the Act's purpose by "making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude"); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("We recognize there are many cunning ways to circumvent § 1692g under cover of technical compliance, but purported compliance with the form of the statute should not be given sanction at the expense of the substance of the Act.") (internal citation omitted).

Thus, standing alone the fact that the form letter included the words "Asset Acceptance, LLC" did not establish compliance with § 1692g(a)(2). The Act required Fulton's letter to identify Asset Acceptance as the "creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter had to make that identification clearly enough that the recipient would likely understand it. *Chuway*, 362 F.3d at 948.

Nowhere did the letter say that Asset Acceptance currently owned the debts in question. Asset Acceptance was identified as the "assignee" of another company, not as the current creditor or owner of the debt. The letter went on to

say that the referenced account "has been transferred from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP." These statements simply did not say who currently owned the debts. Instead, each recipient was left to guess who owned the debt following the "transfer" of the "account." On its face, then, the letter failed to disclose the information that § 1692g(a)(2) required. The district judge correctly recognized this ambiguity, noting that the word "transfer" could mean either conveyance of title or assignment for collection, and that the letter did not "suggest any particular form or method of conveyance." *Janetos v. Fulton Friedman & Gullace, LLP*, No. 12 C 1473, 2015 WL 1744118, at *4 (N.D. Ill. Apr. 13, 2015).

Defendants argue that the letter nevertheless complied with § 1692g(a)(2) because, when read in its entirety, it implicitly disclosed the legal relationship between Asset Acceptance and Fulton, which in turn made clear that Asset Acceptance continued as the owner of the debt. We disagree. We address each portion of the context that defendants argue satisfied their § 1692g(a)(2) obligation. First, defendants argue that the letter made clear that Fulton is a law firm and a debt collector. True enough, but neither point leads to a "basic logical deduction" that Fulton must have been collecting the referenced debts on Asset Acceptance's behalf or that Asset Acceptance remained the current owner of the debts. See *Pettit*, 211 F.3d at 1060 (unsophisticated consumer is "capable of making basic logical deductions and inferences").

Defendants also argue that a reasonable consumer would know her account history and so would recognize Asset Acceptance as the debt owner who had sought to collect, obtained a judgment, and transferred the account to Fulton for post-judgment collection. There are two problems with this

position. First, debt collectors frequently obtain default judgments against consumers. See *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636, 638–39 (7th Cir. 2014) (en banc). While most consumers will likely be aware of the legal proceedings against them, some may not, often through no fault of their own. For example, plaintiff King testified here that the summons and complaint never reached him, so he was unaware of Asset Acceptance's lawsuit against him until he received the letter from Fulton more than three years later.

Second and more fundamental, even where a consumer would recognize Asset Acceptance as having owned the debt at some time in the past (perhaps from pre-lawsuit collection efforts or the lawsuit itself), the form letter said that the "account" had since been "transferred" from Asset Acceptance to Fulton. Defendants do not explain how, in light of this language, an understanding of Asset Acceptance's former role would have shown its current role.

Finally, defendants point to the language in which Fulton committed to honoring any payment plans or settlement arrangements the consumer may have made with Asset Acceptance. Again, defendants fail to explain how this language showed that Asset Acceptance was the current owner of the debts or that Fulton was nothing more than a "post-lawsuit collector." Accordingly, the letters did not disclose the name of the current creditor, and so violated § 1692g(a)(2).[2]

---

[2] For purposes of the present appeal, it does not matter whether Fulton sent the letters directly to the consumers or to their attorneys:

> It would be passing odd if the fact that a consumer was represented excused the debt collector from having to

B.  *Ambiguity as a Defense?*

Defendants also argue that the letters were at worst merely
ambiguous. This means, they argue, that plaintiffs were re-
quired to come forward with extrinsic evidence of actual con-
fusion to survive summary judgment on their § 1692g(a)(2)
claims. We disagree.

It is true that for claims under § 1692e claims, or at least
those based on its general prohibitions against false, decep-
tive, or misleading statements and practices, we have sorted
cases into three categories. *Ruth v. Triumph Partnerships*, 577
F.3d 790, 800 (7th Cir. 2009). The first category includes cases
in which the challenged language is "plainly and clearly not
misleading." No extrinsic evidence is needed to show that the
debt collector ought to prevail in such cases. *Lox v. CDA, Ltd.*,
689 F.3d 818, 822 (7th Cir. 2012). The second *Lox* category "in-
cludes debt collection language that is not misleading or con-
fusing on its face, but has the potential to be misleading to the
unsophisticated consumer." *Id.* In such cases, "plaintiffs may
prevail only by producing extrinsic evidence, such as con-
sumer surveys, to prove that unsophisticated consumers do

---

convey to the consumer the information to which the stat-
ute entitles him. For example, sections 1692g(a)(1) and (2)
provide that the required notice must state the amount of
the debt and the name of the creditor. Is it to be believed
that by retaining a lawyer the debtor disentitles himself
to the information?

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. 2007).
We held in *Evory* that "any written notice sent to the lawyer must contain
the information that would be required by the Act if the notice were sent
to the consumer directly." *Id.*

in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth*, 577 F.3d at 800. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the *plaintiff* to prevail. *Id.*

Defendants argue that if the letters here are not "category one," they are at worst "category two"—that is, susceptible to more than one interpretation—so that plaintiffs had to present extrinsic evidence of consumer confusion to survive summary judgment. Such evidence is not necessary here, where § 1692g(a)(2) requires a particular disclosure—the name of the current creditor—and defendants' letters simply fail to provide it, directly or indirectly. The recipients of these letters would therefore find themselves obliged to guess who currently owned the debts in question. Since the name was on the letters, some might correctly guess that Asset Acceptance was the current creditor, but a lucky guess would have nothing to do with any disclosure the letters provided. Compliance with the clear requirements of § 1692g(a)(2) demands more.

*Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004), is a helpful guide to this case. It involved § 1692g(a)(1), which requires the debt collector's notice to state "the amount of the debt." In *Chuway*, the defendant sent the plaintiff a dunning letter that stated the "balance" of the debt but added: "To obtain your most current balance information, please call" the number provided. *Id.* at 947. The plaintiff alleged a violation of § 1692g(a)(1). See *id.* at 946–47. The district court had granted summary judgment to the defendant, finding that while the letter was "problematic" and had the "potential to confuse an unsophisticated consumer," there was no outright contradiction in terms. *Id.* at 949.

We reversed. We concluded that although the "balance" was disclosed in the dunning letter, the reference to obtaining the "most current balance information" implied that the consumer might actually have owed some unspecified larger amount. *Id.* at 947–48. For present purposes, the critical point is that we also held in *Chuway* that under those circumstances, the plaintiff did *not* need to present extrinsic evidence of confusion. Her affidavit attesting to her own confusion, coupled with the fact that it was "apparent just from reading the letter that it is unclear," was sufficient to create a triable issue. *Id.* at 948.

The violation here was even clearer than the one in *Chuway.* Here, the letters Fulton sent did not actually identify Asset Acceptance as the current creditor at all, and in fact leave the impression that Asset Acceptance may well have transferred ownership of the debts to Fulton. Plaintiffs Janetos, King, and Fujioka, as in *Chuway*, also provided evidence in the form of affidavits that after reading the letters, they were unable to determine who currently owned the debts. No further evidence of consumer confusion is necessary under these circumstances.[3]

C. *No Materiality Requirement*

The district court held in the alternative that defendants were entitled to summary judgment because any violation of § 1692g(a)(2) was not "material." But for good reason, we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a). As noted above,

---

[3] Plaintiff Bernave did not so testify. According to plaintiffs' reply brief, English is not his native language and he could not read the letter at all.

§ 1692e is "designed to provide information that helps con-
sumers to choose intelligently, and by definition immaterial
information neither contributes to that objective (if the state-
ment is correct) nor undermines it (if the statement is incor-
rect)." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757–58
(7th Cir. 2009). Portions of § 1692e are drafted in broad terms,
prohibiting the use of "any false, deceptive, or misleading
representation or means in connection with the collection of
any debt." For such claims, we must assess allegedly false or
misleading statements to determine whether they could have
any practical impact on a consumer's rights or decision-mak-
ing process—that is, whether they represent the kind of con-
duct the Act was intended to eliminate.

For § 1692g(a)(2), however, that decision has been made
for us. In enacting § 1692g(a)(2), Congress determined that a
debt collector *must* include in its § 1692g(a) notice "the name
of the creditor to whom the debt is owed." With that specific
disclosure requirement, Congress decided that the failure to
make the disclosure is a failure the Act is meant to penalize.
The undisputed facts show such a failure here. Since
§ 1692g(a)(2) clearly requires the disclosure, we decline to of-
fer debt collectors a free pass to violate that provision on the
theory that the disclosure Congress required is not important
enough. There is also no need for individual inquiry about the
materiality to any given recipient. Cf. *Warren v. Sessoms & Rog-
ers, P.A.*, 676 F.3d 365, 374 (4th Cir. 2012) (declining to establish
a materiality requirement for violations of § 1692e(11), which
requires debt collectors to disclose their status as debt collec-
tors, because the "statute expressly prohibits this exact *omis-
sion*") (emphasis in original), abrogated on other grounds,
*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

In rejecting any requirement of materiality for a violation of § 1692g(a)(2), we do not mean to suggest the required information is not important. Knowing the current creditor "potentially affects the debtor in the most basic ways, such as what the debtor should write after 'pay to the order of' on the payment check to ensure that the debt is satisfied." *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013). Defendants argue, and the district judge concluded, that in this particular case knowing the current creditor would not have affected consumers' rights: Fulton was Asset Acceptance's legitimate collection agent, so a payment to Fulton would have extinguished the debt regardless of whether the consumer knew Asset Acceptance actually owned the debt. But that point overlooks another serious problem with the failure to disclose the current creditor: the potential for fraud.

Suppose the sender of these letters had been not Fulton but a party who had no legal right to collect the debts on Asset Acceptance's behalf—perhaps someone who gathered debt information from public court records. The letters did not identify who currently owned the debts, so a consumer wishing to verify that a payment would extinguish her obligation could not contact the current creditor to confirm that paying the letter-writer would be the proper course of action. In fact, the Fulton letters actually instructed consumers to direct all further contact not to Asset Acceptance but to Fulton itself. Unless the unsophisticated consumer makes the effort to demand verification under § 1692g, an unscrupulous sender could confirm that the consumer should send it a payment to extinguish the debt. That consumer would find that she had lost that money while her actual debt remained unpaid. So

while defendants are correct that Fulton was in fact author-
ized to collect debts on Asset Acceptance's behalf, not all con-
sumer debtors will be so lucky.

To sum up our view of the merits, if the validation notice
required under § 1692g(a)(2) does not identify the current
creditor clearly and accurately, the law has been violated. A
plaintiff need not offer additional evidence of confusion or
materiality to prove the violation. The undisputed facts here
show that Fulton's letters to plaintiffs violated § 1692g(a)(2).
Plaintiffs are entitled to summary judgment as to liability un-
der that provision.

D. *Debt Collector's Liability for Agent's Violations*

Asset Acceptance argues that even if Fulton is not entitled
to summary judgment, Asset Acceptance cannot be held vi-
cariously liable for the letters that Fulton drafted and sent.
Again, we disagree. At least two other circuits have held debt
collectors liable for violations of the Fair Debt Collection Prac-
tices Act committed by others acting on their behalf. E.g., *Pol-
lice v. National Tax Funding, L.P.*, 225 F.3d 379, 404–06 (3d Cir.
2000); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507, 1516 (9th
Cir. 1994). The key question, according to the Third Circuit in
*Pollice*, is whether the defendant whom the plaintiff seeks to
hold vicariously liable is itself a debt collector: "We believe
this is a fair result because an entity that is itself a 'debt col-
lector'—and hence subject to the FDCPA—should bear the
burden of monitoring the activities of those it enlists to collect
debts on its behalf." *Id.* at 405; cf. *Wadlington v. Credit Ac-
ceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) ("We do not
think it would accord with the intent of Congress, as mani-
fested in the terms of the Act, for a company that is *not* a debt
collector to be held vicariously liable for a collection suit filing

that violates the Act only because the filing attorney is a 'debt collector.'") (emphasis in original).

We agree with the Third Circuit's approach in *Pollice*. A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf. On the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all. See 15 U.S.C. § 1692a(6) (defining "debt collector"); *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) (provisions of the Act "generally apply only to debt collectors"). As the Sixth Circuit explained in *Wadlington*, it makes less sense to impose vicarious liability on such a company for its attorney's violations simply because the attorney happens to be a debt collector. 76 F.3d at 108; accord, *Pollice*, 225 F.3d at 404–05. Asset Acceptance is itself a debt collector, so under the logic of *Pollice* and *Fox*, it may be held liable for Fulton's violations of the Act in the course of activities undertaken on its behalf.

Asset Acceptance argues that *Fox* is no longer good law in the Ninth Circuit in light of *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006). But *Clark* did not overrule *Fox*; it addressed instead whether an attorney could be held vicariously liable for the acts of his client. *Clark*, 460 F.3d at 1173. That's the converse of the question before us, so *Clark* did not undermine the reasoning of *Fox* and *Pollice* and is not applicable here. Asset Acceptance also relies on two dis-

trict court decisions holding that actual control over the specific challenged conduct was required. See *Tilmon v. LVNV Funding, LLC*, 2014 WL 335234 (S.D. Ill. Jan. 30, 2014) (with pro se plaintiff); *Clark v. Main Street Acquisition Corp.*, 2013 WL 2295879 (S.D. Ohio May 24, 2013), aff'd on other grounds, 553 Fed. Appx. 510 (6th Cir. 2014). We do not find those cases persuasive as applied to principals that are themselves debt collectors. Additionally, neither *Fox* nor *Pollice* based vicarious liability on a showing of actual control over the specific activity alleged to violate the Act. See *Pollice*, 225 F.3d at 404–05; *Fox*, 15 F.3d at 1516 (rejecting argument that debt collector could not be vicariously liable "for a venue decision made *solely* by" its attorney) (emphasis added).

*      *      *

For these reasons, the district court erred in holding that plaintiffs had failed to meet their burden of proof on the § 1692g(a)(2) claim. As a matter of law, the letters violated § 1692g(a)(2) by failing to make the mandated disclosure. No additional showing of materiality was required. Asset Acceptance, as a debt collector, cannot escape liability for Fulton's actions on its behalf. The judgment of the district court is therefore REVERSED. Plaintiffs are entitled to a finding of liability for violations of § 1692g(a)(2). The case is REMANDED for further proceedings consistent with this opinion.

APPENDIX

# FULTON FRIEDMAN & GULLACE, LLP
COLLECTIONS, CONSULTING & LITIGATION
LICENSED IN AZ, CA, DC, IL, MD, MI, NY, OH, PA, TN & TX

PO Box 2123                          TOLL FREE 877-496-4802
WARREN, MI 48090-2123                              EXT. 0

December 12, 2011

Re: Mary T Janetos
Asset Acceptance, LLC Assignee of CHASE BANK/ HERITAGE CHASE / CHASE
Original Creditor Acct #: XXXXXXXXXXXX7134
Fulton, Friedman & Gullace, LLP Acct #: 11-215740
Balance Due: $4608.90

Dear Sir/Madam:

Please be advised that the referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman and Gullace, LLP. We were advised that you represent the referenced consumer on this matter. Therefore, we are sending this letter to your attention so that you may share it with your client. If you do not represent the person identified above, please notify our office upon your receipt of this letter. If you have any questions, please do not hesitate to contact us.

If your client has already entered into a payment plan or settlement arrangement with Asset Acceptance, LLC, please note that we are committed to honoring the same. Should you have any questions, please do not hesitate to call our offices. All contact should now be directed to:

Fulton, Friedman & Gullace, LLP
P.O. Box 2123
Warren, MI 48090-2123
877-496-4802

Unless the consumer notifies this office within thirty (30) days after receiving this notice that the consumer disputes the validity of this claim or any portion thereof, this office will assume this debt to be valid. If the consumer notifies this office in writing within thirty (30) days from receiving this notice that the consumer disputes the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail the consumer a copy of such judgment or verification. If the consumer requests of this office in writing within thirty (30) days after receiving this notice, this office will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Very truly yours,

Dave Smith
Collections Team (Non-Attorney)
Phone: 877-496-4802 Ext. 0
Fulton, Friedman & Gullace, LLP

CCGASSE02_OS_0117

***Detach Lower Portion and Return with Payment***

Fulton, Friedman & Gullace, LLP Acct #: 11-215740
Balance Past Due: $4608.90


PO Box 2124
Warren MI 48090-2124
ADDRESS SERVICE REQUESTED

December 12, 2011

11-215740-OS_0117        679109432

Daniel Edelman, Esq.
120 S Lasalle St 18Th FL
Chicago IL 60603-3403

FULTON, FRIEDMAN & GULLACE, LLP
PO Box 2123
Warren MI 48090-2123

# FULTON FRIEDMAN & GULLACE, LLP

COLLECTIONS, CONSULTING & LITIGATION
LICENSED IN AZ, CA, DC, IL, MD, MI, NY, OH, PA, TN & TX

PO Box 2123
WARREN, MI 48090-2123

TOLL FREE 877-692-6186
EXT. 0

December 12, 2011

Re: Asset Acceptance, LLC Assignee of AMERISTAR
Original Creditor Acct #: XX0682
Fulton, Friedman & Gullace, LLP Acct #: ▮▮2109
Balance Due: $17479.24

Dear Erik King:

Please be advised that your above referenced account has been transferred from Asset Acceptance, LLC to Fulton, Friedman & Gullace, LLP. If you have already entered into a payment plan or settlement arrangement with Asset Acceptance, LLC, please note that we are committed to honoring the same. Should you have any questions, please do not hesitate to call our offices. All contact should now be directed to:

Fulton, Friedman & Gullace, LLP
P.O. Box 2123
Warren, MI 48090-2123
877-692-6186

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this claim or any portion thereof, this office will assume this debt to be valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

Very truly yours,

Dave Smith
Collections Team (Non-Attorney)
Phone: 877-692-6186 Ext. 0
Fulton, Friedman & Gullace, LLP

CCGASSE02_OS_0113

***Detach Lower Portion and Return with Payment***

Fulton, Friedman & Gullace, LLP Acct #: ▮▮2109
Balance Past Due: $17479.24

PO Box 2124
Warren MI 48090-2124
ADDRESS SERVICE REQUESTED

December 12, 2011

FULTON, FRIEDMAN & GULLACE, LLP
PO Box 2123
Warren MI 48090-2123

11-192109-OS_0118        679313882

Erik King