**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1031
_____

GLENN D. GROSS,
on behalf of himself and others similarly situated,
Appellant

v.

LYONS DOUGHTY & VELDHUIS, P.C.
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-18-cv-07963)
District Judge: Hon. Robert B. Kugler
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 8, 2019
_____

Before: SHWARTZ, KRAUSE, and FUENTES, Circuit Judges.

(Filed: July 10, 2019)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Glenn D. Gross sued debt collector Lyons Doughty & Veldhuis, P.C. ("LDV") for violating the Fair Debt Collection Practices Act ("FDCPA"), alleging that its debt collection letter failed to identify the creditor, as required by 15 U.S.C. § 1692g(a)(2). Viewing the factual allegations in Gross' favor, the letter failed to apprise the least sophisticated debtor of the creditor's identity and, therefore, we will reverse the District Court's order dismissing Gross's complaint.

I

LDV sent a letter to Gross seeking to collect on a credit card debt. The letter's subject line provided:

> Capital One Bank (USA), N.A., assignee of
> HSBC BANK NEVADA N.A. RCS DIRECT MARKETING/ORCHARD BANK
> GLENN D GROSS
> ACCOUNT NO.: XXXXXXXXXXXX 6461

App. 36. The letter stated that LDV "represents Capital One Bank (USA), N.A., assignee of HSBC BANK NEVADA N.A. RCS DIRECT MARKETING/ORCHARD BANK in connection with [Gross's] account" and that LDV was a debt collector. App. 36. The letter added that Gross's account was in default and that he could contact LDV's office to pay the outstanding balance.

Gross filed a putative class action complaint against LDV, alleging that its letter failed to identify "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Gross averred that "at least four" entities were "connected in some way" with the debt—Capital One Bank, HSBC Bank, RCS Direct Marketing, and Orchard Bank—but the letter did not explicitly identify the creditor to whom the debt was owed.

App. 23. The District Court dismissed Gross's complaint under Federal Rule of Civil Procedure 12(b)(6), holding that LDV's letter sufficiently identified Capital One Bank as the creditor and thus complied with § 1692g(a)(2). Gross appeals.

II[1]

The FDCPA provides a cause of action against "debt collectors who violate its provisions." Barbato v. Greystone All., LLC, 916 F.3d 260, 264 (3d Cir. 2019) (citing 15 U.S.C. § 1629k). To prevail, a plaintiff must allege, among other things, that the defendant debt collector "has violated a provision of the FDCPA in attempting to collect the debt." Id. at 265 (quoting St. Pierre v. Retrieval-Masters Creditors Bureau, Inc., 898 F.3d 351, 358 (3d Cir. 2018)). Gross asserts that LDV's letter violated the FDCPA's requirement that debt collectors identify "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

To determine whether the creditor's identity is "conveyed effectively" to a plaintiff, we apply the "least sophisticated debtor" standard. Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000). The least-sophisticated-debtor standard is "lower than the standard of a reasonable debtor," but it "preserves a quotient of reasonableness and presumes a basic level of understanding and willingness to read with care." Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015) (internal quotation marks and alterations omitted). A debt collection letter does not comply with the FDCPA

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a dismissal order under Rule 12(b)(6) and construe the allegations in favor of the non-moving party. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

if, for example, the statutorily required disclosure "is overshadowed or contradicted by accompanying messages or notices from the debt collector." Wilson, 225 F.3d at 355.

Viewing the allegations in Gross's favor, LDV's letter fails to apprise the least sophisticated debtor of the creditor's identity for three related reasons. See 15 U.S.C. § 1692g(a)(2). First, LDV's letter did not explicitly state that Capital One Bank was Gross's creditor or that it owned his debt.

Second, identifying Capital One Bank as the "assignee of" three other entities does not disclose the identity of the creditor. App. 36. The word "assignee" is a "legal term that would not necessarily help the least sophisticated consumer understand the relationships between the parties listed." Hartman v. Great Seneca Fin. Corp., 569 F.3d 606, 613 (6th Cir. 2009); Steffek v. Client Servs., Inc., No. 18-C-160, 2019 WL 1126079, at *4 (E.D. Wis. Mar. 12, 2019) (observing that "assignee" is a "term an unsophisticated consumer would likely not understand"), appeal docketed, No. 19-1491 (7th Cir. Mar. 19, 2019). We thus have significant concerns about whether the least sophisticated consumer would understand the term "assignee" at all, much less what role it signifies for the entity giving versus receiving the assignment.

Indeed, even to a sophisticated consumer, LDV's letter is susceptible to different interpretations. On one hand, the assignment language could convey that Capital One Bank was more akin to an agent who had the right to hire an attorney and collect the debt, and the other entities would benefit from that activity without acting on their own. Under this reading, even a sophisticated debtor could conclude that these entities have an ownership interest in the debt, and Capital One Bank was acting for them. An equally

4

plausible reading is that Capital One Bank now owned the debt previously owned by one or more of the other three entities. See Chemetall GMBH v. ZR Energy, Inc., 320 F.3d 714, 723 (7th Cir. 2003) (holding that, under Illinois law, "an assignor may transfer some or all of its rights").

Third, while the least sophisticated debtor must "read collection notices in their entirety," Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294, 299 (3d Cir. 2008), LDV's letter as a whole does not effectively disclose the creditor's identity. The letter states that LDV "represents" Capital One Bank and that LDV is a debt collector. App. 36. This conveys the identity of LDV's client and that LDV has been retained to collect a debt, but the least sophisticated debtor could still think that any one or more of the listed entities was owed the debt. Thus, the letter's reference to three other entities, as well as its "assignee" language, "overshadowed" the creditor's identity. Wilson, 225 F.3d at 355; see Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 321-22 (7th Cir. 2016) (holding that collection letter failed to comply with § 1692g(a)(2)'s creditor-identification requirement when it stated that the "assignee" of the original creditor transferred the debtor's account to another company that collected the debt). Therefore, assuming the factual allegations are true and viewing them in a light most favorable to Gross, the letter fails to disclose the creditor to whom the debt is owed and thus violates § 1692g(a)(2)'s creditor-identification requirement.

### III

For these reasons, we will reverse the order of the District Court dismissing Gross's complaint and remand for further proceedings consistent with this opinion.