[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10174
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cv-14326-DMM

RICHARD LEONARD,

Plaintiff-Appellant,

versus

ZWICKER & ASSOCIATES, P.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 1, 2017)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Richard Leonard appeals from the district court's

dismissal of his putative class-action lawsuit against Zwicker & Associates, P.C.

("Zwicker"), for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Leonard's claims are based on Zwicker's alleged failure in a letter to Leonard about a consumer credit-card debt, to accurately identify the name of the creditor to whom the debt was owed. The district court dismissed the complaint for failure to state a claim, reasoning that Zwicker adequately identified the name of the creditor and that the communication was not misleading. After careful review, we agree with the district court and therefore affirm the dismissal of Leonard's complaint.

## I.

According to Leonard's amended complaint, the operative filing in this case, Zwicker, a debt collector, sought to collect a consumer debt from Leonard on an American Express Gold Card credit-card account issued by American Express Centurion Bank. On December 9, 2015, Zwicker mailed Leonard a letter seeking payment of the debt ($14,619.71), which was Zwicker's initial communication with Leonard about the debt. The letter identified the creditor as "American Express" and listed the final five digits of an account number.

Leonard alleged that Zwicker misnamed the creditor as "American Express," when the "actual creditor" was either "American Express Centurion Bank," which owned and serviced the credit-card account, or "American Express Receivable Financing Corporation III LLC," which owned the credit-card account receivables

2

through an agreement with American Express Centurion Bank.  He further alleged that this misidentification was confusing because numerous different entities identified themselves as "American Express," including over fifty business entities in Florida whose names began with "American Express," and because "American Express" was a trademark owned by an entity that did not issue credit cards.

Based on these allegations, Leonard claimed that Zwicker failed to identify "the name of the creditor to whom the debt is owed," in violation of 15 U.S.C. § 1692g(a)(2), and sent a false, deceptive, or misleading communication to attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10).  Zwicker moved to dismiss the complaint in its entirety.

The district court granted Zwicker's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P.  The court rejected Leonard's "bright-line rule that a debt collector must always identify the creditor by its full business name."  And the court found that Leonard's claims failed because Zwicker's use of "American Express" adequately and accurately identified the creditor and was not misleading to the least sophisticated consumer.  Leonard now appeals.

## II.

We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in favor of the plaintiff.  *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291,

1296–97 (11th Cir. 2015).    We also review *de novo* the district court's interpretation of a statute.  *Id.* at 1296.

## III.

The FDCPA is a consumer-protection statute intended to "'eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and 'to promote consistent state action in protecting consumers against debt collection abuses.'"  *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312–13 (11th Cir. 2015) (quoting 15 U.S.C. § 1692(e)).  It regulates the conduct of "debt collectors" in part by granting consumers the right to sue debt collectors for violating its provisions.  *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014).

Because Congress enacted the statute primarily to protect consumers, we evaluate the circumstances giving rise to an alleged FDCPA violation from the perspective of the "least sophisticated consumer."  *See id.* at 1258–59; *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).  The least sophisticated consumer "possess[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care."  *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010); *see also Jeter*, 760 F.2d at 1175 n. 6 (the least sophisticated consumer is "on the low side of reasonable

4

capacity"). That standard protects "naïve consumers" and "prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194.

Two FDCPA provisions are at issue in this case: §§ 1692g and 1692e. Section 1692g requires a debt collector to provide the consumer with certain information "in the initial communication" about a debt or within five days of the initial communication. 15 U.S.C. § 1692g(a). The required information includes the amount of the debt, "the name of the creditor to whom the debt is owed," and other information about the debtor's right to dispute the validity of the debt and the consequences of not doing so. *Id.* § 1692g(a)(1)–(5). Section 1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means to collect a debt. *See* 15 U.S.C. § 1692e(10).[1]

A.    *Section § 1692g*

Leonard claims that Zwicker violated § 1692g by failing to accurately identify the name of the creditor to whom the debt was owed in the initial communication. Leonard maintains that "American Express" was not the actual

---

[1] Section 1692e provides the general rule that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The statute then goes on to list specific conduct that violates § 1692e, including, as relevant here, "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Because the more specific subsection adds little to the general rule in this case, we use the general rule's broader formulation of "false, deceptive, or misleading representation or means."

creditor and that a consumer states a plausible claim under § 1692g when he or she alleges that a debt collector misidentified the creditor by a generic name that is used by numerous other corporate entities. In those circumstances, Leonard argues, the question of whether the least sophisticated consumer would have been confused by the debt collector's letter is a question of fact for the jury.[2]

Generally, the question of whether the least sophisticated consumer would be confused or misled by a debt collector's communication is one for the jury. *Miljkovic*, 791 F.3d at 1307 n.11. However, the question of whether a plaintiff has alleged sufficient facts to state a claim under § 1692g is a legal question for the court. *Id.*

"To satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). In

---

[2] Both parties assume, and the district court found, that the least-sophisticated-consumer standard applies to claims under § 1692g. So far, we have applied that standard to claims under § 1692e and § 1692f. *See Crawford*, 758 F.3d at 1258–59. We have not extended that standard to claims under § 1692g, though other circuits have done so. *See, e.g.*, *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000); *Smith v. Comput. Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999); *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988). We see no reason to disagree with these other circuits, but, regardless, we need not and do not decide the issue here. Because both parties assume that the standard applies to § 1692g, we make that assumption as well.

other words, the notice should be clear enough that a naïve consumer comes away from the notice understanding the "identity of the creditor."  *See Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

At the same time, nothing in the FDCPA expressly requires that debt collectors use a creditor's full business name or its name of incorporation when identifying the "name of the creditor" in a § 1692g notice.  The FDCPA does not state how a creditor must be named in order to comply with § 1692g, much less define "name" as "full business name" or "name of incorporation."  And incorporating such a strict requirement would elevate form over substance.  *Cf. Russell*, 74 F.3d at 35 ("[P]urported compliance with the form of the statute should not be given sanction at the expense of the substance of the [FDCPA].").  As the district court recognized, requiring a debt collector to identify the creditor by its full business name would not always result in greater clarity to a naïve consumer, who may be more familiar with a commonly used trade name.

The Federal Trade Commission ("FTC") and federal courts have taken a similar approach when construing other FDCPA provisions requiring the disclosure of a debt collector's or creditor's "name" or "true name" to a consumer.  Under § 1692e(14), for example, the FDCPA prohibits a debt collector from using any name "other than the true name of the debt collector's business, company, or organization."  15 U.S.C. § 1692e(14).  The FTC has issued commentary stating

7

that a debt collector does not violate § 1692e(14) if the collector "use[s] its full business name, the name under which it usually transacts business, or a commonly-used acronym." Federal Trade Commission, Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097 (1988). Because the FTC is the federal agency tasked with "enforcement and administration of the FDCPA," that interpretation is "accorded considerable weight." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1372 n.2 (11th Cir. 1998).

Likewise, the Second Circuit has stated that "a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage" under § 1692a(6). *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Section 1692a(6) provides that a creditor collecting its own debts may be treated as a debt collector if it uses "any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Relying on the FTC's commentary, the Second Circuit stated that the creditor may use, instead of its full business name, "the name under which it usually transacts business, or a commonly-used acronym." *Maguire*, 147 F.3d at 235 (citations and internal quotation marks omitted).

In light of this persuasive authority, the consumer-protection purposes of the FDCPA, and the plain terms of § 1692g, we agree with the district court that no

8

bright-light rule requires a debt collector to "always identify the creditor by its full business name" in order to avoid liability under § 1692g. Rather, consistent with the FTC's commentary, a debt collector may use the creditor's full business name, the name under which the creditor usually transacts business, or a commonly used acronym.

Here, the district court properly dismissed Leonard's § 1692g claim under Rule 12(b)(6). Zwicker clearly identified "American Express" as the name of the creditor. Its use of "American Express," instead of the full business name "American Express Centurion Bank" or "American Express Receivables Financing Corporation III, LLC," provides accurate information to the consumer about the creditor's identity. "American Express" is the name under which the financial-services company usually transacts business, and the company is commonly referred to by that name. That identification was not technically "false," any more than a commonly used nickname could be considered a "false" identification of a person. Allowing Leonard's § 1692g claim to go forward in these circumstances would be to adopt the hyper-technical construction of the statute that we rejected above. Accordingly, Leonard failed to state a claim under § 1692g.

B.    *Section 1692e*

Section 1692e prohibits debt collectors from using any "false, deceptive, or misleading" representation to collect a debt. 15 U.S.C. § 1692e(10). "The use of

'or' in § 1692e means that, to violate the FDCPA, a representation by a 'debt collector' must merely be false, or deceptive, or misleading." *Bourff*, 674 F.3d at 1241.

Leonard argues that the least sophisticated consumer would have been confused or misled by Zwicker's reference to "American Express" because numerous other entities incorporate the name "American Express" in their names, including another American Express entity (American Express, FSB) that issues credit cards to consumers in Florida. Omitting the "true name" of the creditor, Leonard argues, would leave the least sophisticated consumer confused as to which potential "American Express" entity on whose behalf the debt collector was attempting to collect.

Here, the district court properly dismissed Leonard's § 1692e claim for failure to state a claim under Rule 12(b)(6). As we have explained, Zwicker's use of "American Express" to identify the name of the creditor was not technically false. Nor would the least sophisticated consumer have been confused or misled as to the identity of the creditor as a result of Zwicker's letter.

A debt collector's failure to provide the information required by § 1692g is actionable as a violation of § 1692e "if the variance is one that would tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014). In *Caceres*, the debt collector's letter

10

incorrectly "substituted 'creditor' for 'debt collector' when informing the consumer of who would assume that the debt was valid if the debt was not contested within thirty days." *Id.*; *see* 15 U.S.C. § 1692g(a)(3). Assuming *arguendo* that the error might have deterred the least sophisticated consumer from disputing the validity of the debt, we nevertheless concluded that the letter did not mislead. *Caceres*, 755 F.3d 1304. We explained that "because the debt collector is obviously the agent of the creditor, the same implication arises from the notice required by § 1692g(a)(3) as from [the debt collector's] erroneous statement." *Id.* "In other words, the least sophisticated consumer would think that if the debt collector was entitled to assume that the debt is valid, the creditor would have the same right." *Id.* Accordingly, we held that "because the same implication arises" whether the language of the notice or the language of the statute was used, "the letter did not mislead." *Id.*

Similar reasoning applies here. Assuming *arguendo* that the least sophisticated consumer would be left confused as to which potential "American Express" entity on whose behalf the debt collector was attempting to collect, "the same implication arises" if Zwicker used the creditor's full business name, as Leonard suggests § 1692g(a)(2) requires. *Cf. id.* A naïve consumer, who is unfamiliar with the internal corporate structure of the American Express Company would be no more confused as to the identity of the creditor by the commonly used

11

"American Express" than by the full business names "American Express Centurion Bank" or "American Express Receivable Financing Corporation III LLC." Accordingly, we agree with the district court that Zwicker's use of "American Express" was not misleading to the least sophisticated consumer. The court properly dismissed Leonard's § 1692e claim for failure to state a claim.

## IV.

For the reasons stated above, we **AFFIRM** the dismissal of Leonard's complaint for failure to state a claim under Rule 12(b)(6).