In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-4179

MILAN JAMES BROWN,

*Plaintiff-Appellant*,

*v.*

THOMAS J. DART and COOK COUNTY, ILLINOIS,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 C 11835 — **Edmond E. Chang**, *Judge*.

ARGUED SEPTEMBER 20, 2017 — DECIDED DECEMBER 5, 2017

Before MANION and KANNE, *Circuit Judges*, and MILLER,
*District Judge*.*

KANNE, *Circuit Judge*.  On July 19, 2013, Milan Brown was
sentenced to 300 days' imprisonment for violating the terms
of his probation. At the sentencing hearing, the Illinois circuit

---

* The Honorable Robert L. Miller, Jr., United States District Court for the
Northern District of Indiana, sitting by designation.

court specifically stated that Brown should be released in September 2013, after accounting for good-time credit. However, in August 2013, staff at the Cook County Jail informed Brown that he would not be released until March. On September 10, 2013, Brown filed a petition for a writ of habeas corpus in state court seeking to remedy the error, but staff at the jail allegedly failed to transport him to court on multiple occasions.

On December 16, 2013, the petition was finally heard. The Illinois circuit court determined Brown should have been released in September and immediately released him on a $50,000 bond. On January 17, 2014, the court released the bond.

On December 30, 2015, Brown filed a § 1983 complaint in federal court against Sheriff Thomas Dart and Cook County alleging violations of the Fourth and Eighth Amendments based on false imprisonment and inhumane conditions. Brown also alleged a violation of Illinois state law based on false imprisonment. The defendants moved for judgment on the pleadings on the basis that all of Brown's claims were time barred. The district court entered judgment on the pleadings in favor of the defendants. On appeal, Brown challenges only the conclusion that his § 1983 false imprisonment claim was not timely filed. Because the county and Sheriff Dart released Brown from prison more than two years before he filed his claim, the district court's judgment will be affirmed.

## I.  ANALYSIS

The parties agree that Brown was to be released from the Cook County Jail on September 12, 2013, and that he was not in fact released from the jail until December 16, 2013. The only issue before this court is whether Brown's § 1983 claim of false

imprisonment was timely filed. We review the district court's judgment on the pleadings *de novo*, accept all well pleaded allegations as true, and construe all alleged facts in the light most favorable to Brown, the non-moving party. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012).

The statute of limitations to bring a claim under 42 U.S.C. § 1983 is determined by state law. *Wallace v. Kato*, 549 U.S 384, 387 (2007). Under Illinois law, a plaintiff has two years to bring a § 1983 claim. 735 ILCS 5/13-202; *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016). The date a cause of action accrues, however, is determined by federal law. *Gekas*, 814 F.3d at 894.

In *Wallace v. Kato*, the Supreme Court held that the statute of limitations for a false imprisonment claim begins when the false imprisonment ends. 549 U.S. at 389. Brown's alleged false imprisonment ended when the court released him from the jail. To the extent Brown's liberties were restricted while he was released on bond, the court, not the sheriff's department, was responsible for those restrictions. Thus, Brown's claim against the sheriff and the county accrued—and the two-year statute of limitations began to run—on December 16, 2013. Brown's petition, filed two weeks beyond the statute of limitations, was untimely.

Neither of Brown's arguments to the contrary are convincing. Brown offers two reasons for why January 17, 2014, should be considered the day the false imprisonment ended and his claim accrued.

First, Brown claims that the time he spent released on bond was a continuation of the false imprisonment. Brown alleges that, as a condition of the bond, he was not allowed to

leave Illinois or exercise his Second Amendment right. This court has broadly commented that confining someone to one state could in some contexts be considered imprisonment, but "imprisonment" is defined more narrowly in the context of a constitutional deprivation. *Albright v. Oliver*, 975 F.2d 343, 346 (7th Cir. 1992). False imprisonment, for purposes of a § 1983 claim, is defined as detention without legal process. *Wallace*, 549 U.S. at 389. Brown does not claim he was detained without legal process after December 16, 2013. Once he was released from the jail, the only restraints on his liberty were imposed by the court pursuant to legal process. Brown does not challenge the court's authority to order him released on bond. Therefore, the time Brown spent released on bond was not a continuation of the alleged false imprisonment.

Second, Brown argues that his claim could not accrue until the court had corrected his release date. In *Heck v. Humphrey*, the Supreme Court addressed whether a plaintiff could file a § 1983 claim for malicious prosecution before his conviction had been vacated. 512 U.S. 477 (1994). The Court addressed the concern that "'permit[ting] a convicted criminal defendant to proceed with a malicious prosecution claim would permit a collateral attack on the conviction through the vehicle of a civil suit.'" *Id*. at 485 (citation omitted). Thus, the Court held that, "in order to recover damages for allegedly unconstitutional … imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the … sentence has been reversed on direct appeal" or otherwise invalidated. *Id.* at 486–87. Brown argues that he was bound by *Heck* to wait until the district court resentenced him on January 17, 2014, to file a claim. But Brown is not alleging that his sentence should be invalidated. He did not need to obtain any other

judgment in order to prove his false imprisonment claim. Thus, *Heck* does not apply.

## II. CONCLUSION

Without doubt, Milan Brown should have been released from the Cook County Jail months before he was actually released. The allegations that jail staff failed to transport Brown to court for a timely hearing on his habeas corpus petition are deeply troubling. Unfortunately, however, Brown failed to file a timely claim for damages resulting from the failure to release him on time. Therefore, we AFFIRM the district court's grant of judgment on the pleadings in favor of the defendants.