In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 18-3350

JESSICA SMITH, on behalf of Plaintiff and a class,

*Plaintiff-Appellant,*

*v.*

SIMM ASSOCIATES, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 17-cv-769 — **William C. Griesbach**, *Chief Judge.*

———————————

No. 19-1155

RUEL NIETO, on behalf of herself and others similarly situated,

*Plaintiff-Appellant,*

*v.*

SIMM ASSOCIATES, INC.,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 17-cv-6859 — **Virginia M. Kendall**, *Judge.*

———————————

ARGUED MAY 21, 2019 — DECIDED JUNE 6, 2019

_____

Before FLAUM, KANNE, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. This is the consolidated appeal of two actions under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.* In both cases, debt collector Simm Associates, Inc. sent debtors a form letter stating the name of the "original creditor"—Comenity Capital Bank—and the "client"—PayPal Credit. Debtors sued, alleging the letters violate § 1692g(a)(2) because they fail to identify the name of the creditor to whom the debt is currently owed. The district courts granted summary judgment for the debt collector. We affirm.

## I. Background

Defendant-appellee Simm Associates, Inc. ("Simm"), a debt collection agency, sent plaintiff-appellant Jessica Smith a collection letter dated February 23, 2017. The letter includes the following information:

| | |
|---|---|
| CLIENT: PAYPAL CREDIT[1] | ORIGINAL CREDITOR: Comenity Capital Bank |
| BALANCE: $484.28 | ORIGINATION DATE: 12/10/2013 |

The letter also states that, upon the debtor's request, Simm will provide "the name and address of the original creditor, *if different* from the current creditor." (emphasis added).

---

[1] "PayPal Credit allows consumers to make online purchases without using a credit card by offering an open-ended credit plan from [a bank]." *Maximiliano v. Simm Assocs., Inc.*, 17-cv-80341, 2018 WL 783104, at *1 (S.D. Fla. Feb. 8, 2018). Here, Comenity Capital Bank owns the debt on debtors'

Smith filed suit on May 31, 2017 in the Eastern District of Wisconsin on behalf of herself and a class of similarly situated individuals against Simm for violating the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Smith alleged Simm violated 15 U.S.C. § 1692g(a)(2) by failing to disclose the current creditor or owner of the debt. She further alleged the letter violates § 1692e because it is false, deceptive, or misleading. The court granted Smith's motion to certify a class of similar persons in Wisconsin who received these same form letters between May 31, 2016 and June 21, 2017. Both parties moved for summary judgment; the district court granted Simm's motion and denied Smith's motion. It held the letter complies with § 1692g(a)(2) because it includes the name of the current creditor who owns the debt—Comenity Capital Bank—and provides further clarification for the unsophisticated consumer by also including "PayPal Credit," so the debtor recognizes the debt. The court held that because there is nothing abusive, unfair, or deceptive about Simm's letter, it does not violate § 1692e either.

Simm also sent a collection letter to plaintiff-appellant Ruel Nieto dated March 29, 2017. The letter includes the same creditor and client information:

| | |
|---|---|
| CLIENT: PAYPAL CREDIT | ORIGINAL CREDITOR: Comenity Capital Bank |
| BALANCE: $4,588.42 | ORIGINATION DATE: 04/11/2008 |

It likewise informs Nieto she may request the name and address of the original creditor, if different from the current creditor.

---

PayPal accounts; it paid merchants on their behalf, then sought repayment for the extension of credit.

Nieto, on behalf of a class of similarly situated individuals, sued Simm in the Northern District of Illinois on September 22, 2017. She claimed Simm violated § 1692g(a)(2) of the FDCPA by failing to list the current creditor in the letter. Both parties moved for summary judgment. For the same reasons as in Smith's case, the district court granted summary judgment for Simm and denied it for Nieto.

Smith's and Nieto's appeals are consolidated before us now.

## II. Discussion

The only question these appeals present is whether the form letters Simm sent Smith and Nieto identify the creditor to whom their debt is owed in a manner clear enough for an unsophisticated consumer to understand. We review a district court's ruling on summary judgment de novo, examining the record and making all reasonable inferences in the light most favorable to the nonmoving party. *Minerva Dairy, Inc. v. Harsdorf*, 905 F.3d 1047, 1053 (7th Cir. 2018).

Section 1692g(a)(2) of the FDCPA requires a debt collector to include "the name of the creditor to whom the debt is owed" in its initial communication to the debtor. 15 U.S.C. § 1692g(a)(2). The statute does not specify any necessary terminology the letter must contain when identifying the creditor, but we require the information to be "clear[] enough that the recipient is likely to understand it." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)); *see also Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017) ("[N]o bright-light rule requires a debt collector to always identify the creditor by its

full business name in order to avoid liability under § 1692g. Rather, … a debt collector may use the creditor's full business name, the name under which the creditor usually transacts business, or a commonly used acronym." (internal quotation marks omitted)). We view potential FDCPA violations through the objective lens of an unsophisticated consumer who, while "uninformed, naïve, or trusting," possesses at least "reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (citations and internal quotation marks omitted).

There is no dispute that the debtors had PayPal accounts and that Comenity Capital Bank is the owner of the debt on those accounts. Debtors argue that listing Comenity Capital Bank as the "original creditor" and not "current creditor" is not clear enough to satisfy *Janetos* because consumers could infer the debt is currently owed to a different creditor than the "original" one. Simm responds that it complied with the language of the FDCPA by identifying Comenity Capital Bank as the creditor and that it further adhered to the spirit of the FDCPA by also disclosing the commercial name the consumer would be more likely to recognize—PayPal Credit.

In *Janetos*, we reviewed a collection letter for compliance with § 1692g(a)(2). The collection letter included the name of the creditor but did not identify the entity as a creditor; rather, it identified the creditor, Asset Acceptance, LLC, as the "assignee" of a different company and stated the debtor's account had been transferred "from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP." *Janetos*, 825 F.3d at 321. Despite the debt collector's argument that it implicitly disclosed the legal relationships between the identified parties,

we observed that none of these statements identified who owned the debt clearly enough for a consumer to comprehend, and they left the recipients "to guess who owned the debt following the 'transfer' of the 'account.'" *Id.* The lesson from *Janetos* is that even accurate technical terminology—"transfer" or "assignee"—can be confusing to an unsophisticated consumer and can violate § 1692g(a)(2), which requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand.

That is precisely what Simm did here—the letter identifies a single "creditor," as well as the commercial name to which the debtors had been exposed, allowing the debtors to easily recognize the nature of the debt. It is true the letter identifies Comenity Capital Bank as the "original" instead of "current" creditor. But the FDCPA does not require use of any specific terminology to identify the creditor. And the letter does not identify any creditor other than Comenity Capital Bank, which might have led to consumer confusion. Indeed, by informing debtors they could request the name of the original creditor *if different* from the current creditor, the letter alerts debtors the original and current creditor may be the same.

As Simm explains, Smith's and Nieto's "position is that Simm's letter, which was designed specifically to dispel confusion of the unsophisticated consumer, violates the FDCPA because it does not contain a word that is absent from the language of [the] statute, and which no court has ever determined must be contained in a collection letter." We agree with Simm. Congress designed the FDCPA to "protect consumers from abusive and unfair debt collection practices." *Janetos*, 835 F.3d at 320. The letter provides a whole picture of the debt for

the consumer, identifying the creditor to whom the debt is owed as well as the commercial name the consumer is more likely to recognize. This provides clarity for consumers; it is not abusive or unfair and does not violate § 1692g(a)(2).[2]

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgments of the district courts.

---

[2] In the district court, Smith also claimed the letter is false, deceptive, or misleading in violation of § 1692e. She does not explicitly reassert that claim on appeal. We note that, for the same reasons we determined the letter provides clarity and a whole picture of the debt for the consumer in satisfaction of § 1692g(a)(2), it is not deceptive or misleading under § 1692e.