In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1654

THOMAS DENNIS, JR.,

*Plaintiff-Appellant,*

*v.*

NIAGARA CREDIT SOLUTIONS, INC., *et al.,*

*Defendants-Appellees.*

Appeal from the United States District Court for the
Southern District of Indiana, New Albany Division.
No. 18-cv-00339 — **Richard L. Young**, *Judge.*

ARGUED DECEMBER 11, 2019 — DECIDED DECEMBER 30, 2019

Before FLAUM, HAMILTON, and BARRETT, *Circuit Judges.*

FLAUM, *Circuit Judge*. The plaintiff Thomas Dennis received a debt collection letter listing "original" and "current" creditors, which he claims violated the Fair Debt Collection Practices Act (FDCPA). The FDPCA requires that a debt collector send the debtor a written notice containing "the name of the creditor to whom the debt is owed." Because the letter

accurately and clearly identified the creditor to whom Dennis's debt was owed, we affirm the district court's judgment on the pleadings in favor of defendants.

Dennis fell behind on a debt owed to Washington Mutual Bank. After his default, defendant-appellee LVNV Funding bought the debt and the other defendant-appellee, Niagara Credit Solutions, sent a form debt collection letter on LVNV's behalf. The letter included the following language: "Welcome to Niagara Credit Solutions, Inc. We are here to help. Your account was placed with our collection agency on 09-14-17." The letter further stated that Niagara's "client" had authorized it to offer a payment plan or a settlement of the debt in full.

The letter identifies Washington Mutual Bank as the "original creditor" and LVNV Funding as the "current creditor." It also lists the principal and interest balances of the debt and the last four digits of the account number.

Dennis filed a putative class action complaint in 2018, alleging that the defendants violated § 1692g(a)(2) of the FDCPA by "fail[ing] to identify clearly and effectively the name of the creditor to whom the debt was owed." The defendants successfully moved for judgment on the pleadings, arguing that the letter adequately identified LVNV as the current creditor. Dennis timely appealed.

 "We review the district court's judgment on the pleadings de novo, accept all well pleaded allegations as true, and construe all alleged facts in the light most favorable to … the non-moving party." *Brown v. Dart*, 876 F.3d 939, 940 (7th Cir. 2017) (citation omitted). Under the FDCPA, a debt collector must "send the consumer a written notice containing … the name of the creditor to whom the debt is owed." 15 U.S.C.

§ 1692g(a)(2). The defendants' letter clearly and unambiguously identifies LVNV Funding as the "current creditor," and the district court's entry of judgment on the pleadings was therefore appropriate.

Dennis summarizes his argument as follows:

> Listing two separate entities as "creditor" – one of them a debt buyer, which would likely be unknown to the consumer – and not explaining the difference between those two creditors, then stating that Niagara was authorized to make settlement offers on behalf of an unknown client – could very likely confuse a significant portion of consumers who received the letter as to whom the debt was then owed.

"To satisfy § 1692g(a), the debt collector's notice must state the required information 'clearly enough that the recipient is likely to understand it.'" *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)). "We view potential FDCPA violations through the objective lens of an unsophisticated consumer who, while 'uninformed, naïve, or trusting,' possesses at least 'reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019) (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

The defendants' letter expressly identifies LVNV Funding as the current creditor. It therefore meets the FDCPA's requirement of a written notice containing "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

Dennis complains that the letter does not explain the difference between the original and current creditors, but an unsophisticated consumer would understand those terms in the context in which they were used here. Dennis contends that in *Smith* we affirmed the dismissal because the letters in question did "not identify any creditor other than Comenity Capital Bank, which might have led to consumer confusion." Dennis posits the defendants here included both an original and current creditor, thereby violating *Smith*.

This is a meritless claim. In *Smith*, the original and current creditors were the same. In this case, where a consumer's debt has been sold, it is helpful to identify the original creditor (which the customer is likely to recognize as he had done business with them in the past) and the current creditor (which the customer may not recognize, and which the FDCPA requires the letter to identify). An unsophisticated consumer will understand that his debt has been purchased by the current creditor—an example of the type of "basic inference" we believe such consumers are able to make. The defendants' letter thus "provides clarity for consumers; it is not abusive or unfair and does not violate § 1692g(a)(2)." *Smith*, 926 F.3d at 381.

Dennis's other citations to authority are inapt. In *Janetos*, the debt collector's letter did not identify the creditor to whom the debt was owed, except for a subject line reading "Re: Asset Acceptance, LLC Assignee of AMERISTAR." 825 F.3d at 320. Here, the current creditor was clearly identified. The same goes for Dennis's citation to *Gross v. Lyons Doughty & Veldhuis, P.C.*, 779 F. App'x 864, 867 (3d Cir. 2019) (reversing dismissal where letter did not identify which party was current creditor). Dennis's letter expressly identified LVNV as the "current

creditor." Dennis did not need a "lucky guess" to identify to whom he owed his debt; it was stated plainly. *Janetos*, 825 F.3d at 323.

The district court noted that the letter could have made the relationships among the parties "crystal clear" by spelling out that LVNV had purchased the debt from Washington Mutual and that LVNV was Niagara's client. While such language may have helped clarify the party's relationships, § 1692(g)(a)(2) does not require such a detailed explanation of the transactions leading to the debt collector's notice. Rather, it requires clear identification of the current creditor, and this letter complied.

Finally, relying on *Ruth v. Triumph P'ships*, 577 F.3d 790, 800–01 (7th Cir. 2009), Dennis asserts that he should have been allowed to present extrinsic evidence of consumer confusion to prove his case. *Ruth*, however, addresses § 1692e of the FDCPA, which forbids false or misleading representations in collection letters. *Id.* at 794. *Chuway* is more relevant. There we considered when a plaintiff pursuing a claim under § 1692g must present extrinsic evidence of confusion. 362 F.3d at 948–49. No further evidence is required where "it is apparent just from reading the letter it is unclear," while a plaintiff must present evidence where "it is unclear whether the letter would confuse intended recipients of it." *Id.* at 948. But where, as here, the letter accurately and clearly identified the creditor to whom Dennis's debt was owed, no evidence of confusion could change the result. The district court was correct to enter judgment on the pleadings.

For the foregoing reasons, we AFFIRM the judgment of the district court.