In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1491

SARAH M. STEFFEK, *et al.*,

*Plaintiffs-Appellants*,

*v.*

CLIENT SERVICES, INC., *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:18-cv-00160-WCG — **William C. Griesbach**, *Judge*.

ARGUED DECEMBER 11, 2019 — DECIDED JANUARY 21, 2020

Before FLAUM, HAMILTON, and BARRETT, *Circuit Judges*.

HAMILTON, *Circuit Judge*. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., requires the collector of a consumer debt to send the consumer-debtor a written notice containing, among other information, "the name of the creditor to whom the debt is owed." § 1692g(a)(2). Plaintiffs Sarah Steffek and Jill Vandenwyngaard received form notices from defendant Client Services, Inc. subject to this requirement. On each, a header stated only "RE: CHASE BANK USA, N.A."

with an account number, and the letters continued: "The above account has been placed with our organization for collections." The letters did not say whether Chase Bank still owned the accounts in question or instead had sold the debts to another entity. Steffek and Vandenwyngaard sued Client Services for violating § 1692g(a)(2), arguing that these letters failed to identify clearly the current holder of the debt.

The district court certified a plaintiff class of Wisconsin debtors who received substantially identical notices from Client Services. The court then found that undisputed facts showed that Chase Bank was actually the current creditor and granted summary judgment to Client Services. *Steffek v. Client Servs., Inc.*, No. 1:18-cv-00160-WCG, 2019 WL 1126079, at *5 (E.D. Wis. Mar. 12, 2019). The actual identity of the current creditor, however, does not control the result. Regardless of who then owned the debts, the question under the statute is whether the letters identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork. See *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016). Undisputed facts show that the notices here failed that test. We therefore reverse and remand for entry of summary judgment in the plaintiffs' favor as to liability.

I.   *Factual and Procedural Background*

The facts needed to decide this case are few and undisputed. Steffek and Vandenwyngaard received form dunning letters, also called debt validation notices, from Client Services. The parties agree that Client Services is a "debt collector," that the named plaintiffs are "consumers," and that the letters were "communications" in connection with attempts to

collect "debts," as each of those terms is defined in the Act. See 15 U.S.C. § 1692a(2)–(3), (5)–(6).

The letter Steffek received was identical to the others except for differing account numbers and balances. It began with a header that read:

> RE: CHASE BANK USA, N.A.
> ACCOUNT NUMBER: XXXXXXXXXXX3802
> BALANCE DUE: $8,936.43
> REFERENCE NUMBER: [redacted]3872

The body of the letter then read:

> The above account has been placed with our organization for collections.
>
> Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> We look forward to working with you in resolving this matter.

The letter further specified that payment should be made to Client Services. The only addresses contained in the letter were the P.O. box and street addresses of Client Services in Missouri. Finally, a postscript stated: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." A slightly redacted copy of the letter Steffek received is attached as an appendix to this opinion.

The parties agreed on a stipulation to all facts necessary for cross-motions for summary judgment. Client Services reneged on its stipulation, however, by submitting some additional evidence, as we discuss in the concluding portion of this opinion. After addressing that procedural complication, the district court granted summary judgment to Client Services. *Steffek*, 2019 WL 1126079, at *5. Finding that the letters "contained" the name of Chase Bank and no other creditor, the court decided that the letters satisfied § 1692g(a)(2) as a matter of law. *Id.* at *4. The plaintiffs have appealed.[1]

II. *Failure to Identify the Current Creditor*

The Fair Debt Collection Practices Act protects consumers through a series of disclosure requirements, beginning with the initial notice subject to 15 U.S.C. § 1692g. The required information includes the amount of the debt; the name of the

---

[1] The district court also granted summary judgment on any claims arising under 15 U.S.C. § 1692e, the Act's general prohibition on false, deceptive, or misleading representations. *Steffek*, 2019 WL 1126079, at *5. The complaint alleged violations of § 1692e, but plaintiffs did not make any argument opposing summary judgment on those claims. Any claims under § 1692e are forfeited.

creditor; a statement that unless the debtor disputes the validity of the debt within 30 days, it will be assumed to be valid; a statement that if the debtor disputes the debt in writing, the collector will mail the consumer verification of the debt or a copy of the judgment; and a statement that, upon written request within 30 days, the debt collector will provide the name and address of the original creditor if different from the current creditor. § 1692g(a).

We and other circuits have long interpreted § 1692g to require that the mandatory disclosures be made so that they would be clearly understood by unsophisticated debtors. "The statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997), citing *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996) (to be valid, a debt validation notice "must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message"); *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (debt validation notice may not include superfluous language that "overshadows" the required disclosures); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991) (§ 1692g was violated by contradictory message: "statutory notice must not only explicate a debtor's rights; it must do so

effectively"); *Miller v. Payco–General American Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991) ("a debt collector does not comply with § 1692g merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor" (quotation omitted)).

This implied requirement of clarity extends to identification of the current creditor under § 1692g(a)(2). The mere presence of the correct name in the notice somewhere does not suffice. See *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 381 (7th Cir. 2019) (explaining that § 1692g(a)(2) "requires a debt collector to present information about the creditor and the debt in the manner the unsophisticated consumer can understand"); *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016) ("When § 1692g(a) requires that a communication include certain information, compliance demands more than simply including that information in some unintelligible form."). Across all the Act's protections, we evaluate a communication "through the objective lens of an unsophisticated consumer who, while 'uninformed, naïve, or trusting,' possesses at least 'reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Smith*, 926 F.3d at 380 (claim under § 1692g(a)(2)), quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000) (claim under § 1692e).

Turning to the notice at issue in this case, the problem for Client Services is that the form letter simply did not identify Chase Bank as the creditor to whom the debts were then owed. The heading said "RE: CHASE BANK," followed by an account number, which communicated only that the letter somehow related to the listed Chase Bank account. The body of the letter then explained that this "account has been placed

with our organization for collections," referring to Client Services. Farther down, the letter said that the recipient could write to Client Services to find out if the original creditor was different from the current creditor. This latter sentence raised the possibility that the debt could have been resold, but the letter did not clarify who actually owned the debt. The letter did not communicate clearly on whose behalf Client Services was trying to collect the debt. The letter did say, however, that the recipient should pay Client Services rather than anyone else, which a recipient could reasonably understand as implying that Client Services itself was then the creditor.

As it turns out, the evidence available on summary judgment indicated that Chase Bank still owned the accounts for the two lead plaintiffs, Steffek and Vandenwyngaard. But this fact—extrinsic to the letter itself—does not insulate Client Services from the claim that it violated § 1692g(a)(2), which required it to identify the current creditor clearly, without leaving the matter to guesswork. In *Smith*, the letter identified an entity as the "original creditor" and named no other potential creditor, which we concluded left no doubt as to who then owned the debt. 926 F.3d at 380–81. Similarly, our recent decision in *Dennis* approved a letter that expressly identified both the "original creditor" and the "current creditor" in those terms. See *Dennis v. Niagara Credit Solutions, Inc.*, — F.3d —, No. 19-1654, 2019 WL 7288044 at *1 (7th Cir. Dec. 30, 2019).

This case is controlled by *Janetos*, however, not *Smith* or *Dennis*. The notice in *Janetos* said that the account had been "transferred from Asset Acceptance, LLC, to Fulton, Friedman & Gullace, LLP." 825 F.3d at 321. The debt collector, Fulton, argued that this "transferred" phrase made clear that Asset Acceptance owned the debt and that Fulton was only

collecting it. *Id.* We disagreed: "standing alone the fact that the form letter included the words 'Asset Acceptance, LLC' did not establish compliance with § 1692g(a)(2)." *Id.* The letter left recipients "to guess who currently owned the debts in question." *Id.* at 323. Because this facial lack of clarity left no factual dispute, we reversed summary judgment for the defendants and directed summary judgment for the plaintiffs. *Id.* at 326.

Client Services's arguments to distinguish *Janetos* are not persuasive. First, it urges that unsophisticated consumers would understand the difference between "transferred," used by the collector in *Janetos*, and "placed," used here. With respect, that supposed difference is not clear to the members of this panel, let alone to unsophisticated consumers. Client Services has not shown that "transferred" and "placed" have distinct meanings regarding ownership of a debt that are universally understood even in the debt-collection business itself. And even if consistent trade usage of those verbs had been shown, that would not show compliance with § 1692g(a)(2), which requires clear communication to unsophisticated consumers.

Second, Client Services cites several district court decisions that have approved similar letters on the theory that they gave account numbers for the debts and thus identified the creditors. E.g., *Howard v. Client Services, Inc.*, No. 0:17-cv-62425-UU, 2018 U.S. Dist. LEXIS 142827, at *17 (S.D. Fla. Aug. 21, 2018) (noting "the account information in the header" and granting summary judgment to Client Services). The district court here also mentioned that practice favorably. *Steffek*, 2019 WL 1126079, at *4. We agree that listing an account number may help a consumer identify the origins of the debt in

question (especially if it is an old account). The problem under § 1692g(a)(2) is that an original account number, just like "RE: CHASE BANK," says nothing about who owns the debt today.[2]

Third, Client Services points out that it identified itself on the letter as "A DEBT COLLECTOR." This disclosure appears in the so-called "mini-*Miranda*" warning at the end of the letter as required by 15 U.S.C. § 1692e(11). Client Services argues that this mandatory postscript alerted consumers that it collects debts for others rather than buying them itself. By process of elimination, goes the argument, Chase Bank is the only creditor named in the notice, so that any recipient would

---

[2] Client Services cites additional district court decisions that ruled for debt collectors even though the notices identified only accounts, not the current creditors. See *Ocampo v. Client Services, Inc.*, No. 18-cv-4326 (BMC), 2019 WL 2881422 (E.D.N.Y. July 3, 2019); *Stehly v. Client Services, Inc.*, No. 2:18-cv-5103 (DRH)(ARL), 2019 WL 2646664 (E.D.N.Y. June 27, 2019); *Philips v. Central Fin. Control*, No. 2:17-cv-02011-RDP, 2018 WL 3743221 (N.D. Ala. Aug. 7, 2018); *Taylor v. MRS BPO, LLC*, No. 2:17-cv-01733 (ARR)(RER), 2017 WL 2861785 (E.D.N.Y. July 5, 2017); *Santibanez v. Nat'l Credit Sys., Inc.*, No. 6:16-cv-00081, 2017 WL 126111 (D. Or. Jan. 12, 2017); *Demonte v. Client Services, Inc.*, No. 14-cv-14511, 2015 WL 12556159 (S.D. Fla. July 29, 2015); see also *Campagna v. Client Services, Inc.*, No. 18-cv-3039, 2019 WL 6498171 (Dec. 3, 2019) (claim under § 1692e). The plaintiffs, on the other hand, point to several decisions that have reached the opposite result. See *Datiz v. Int'l Recovery Assocs., Inc.*, No. 2:15-cv-03549 (ADS)(AKT), 2018 WL 3751920 (E.D.N.Y. July 27, 2018), report and recommendation adopted, 2018 WL 4561461 (E.D.N.Y. Sept. 24, 2018); *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15-cv-4356 (SJF)(ARL), 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016); *Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482 (E.D.N.Y. 2013); *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005). We do not need to dissect and distinguish these rulings in detail; we respectfully disagree with any reasoning inconsistent with this opinion's application of § 1692g(a)(2).

understand that Chase Bank must be the current owner of the debt. But we considered and rejected this exact syllogism in *Janetos*:

> [D]efendants argue that the letter made clear that Fulton is a law firm and a debt collector. True enough, but neither point leads to a "basic logical deduction" that Fulton must have been collecting the referenced debts on Asset Acceptance's behalf or that Asset Acceptance remained the current owner of the debts.

825 F.3d at 321–22, quoting *Pettit*, 211 F.3d at 1060. What Client Services invokes is not logic but guesswork. Again, *Janetos* controls this case.

Finally, the district court correctly observed that § 1692g(a)(2) does not mandate the use of specific terms such as "creditor" or "owner of the debt." *Steffek*, 2019 WL 1126079, at *4. We made the same point in *Smith*: "the FDCPA does not require use of any specific terminology to identify the creditor." 926 F.3d at 381. That point does not help Client Services here. The Act does not prescribe specific words, but it does require the debt collector to identify clearly "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Debt collectors are free to use words other than these chosen by Congress if the words will communicate the required information to unsophisticated consumers. The plaintiffs are entitled to summary judgment as to liability here because this letter did not clear that hurdle.

III. *Evidentiary Dispute*

Because Client Services is liable for violations of 15 U.S.C. § 1692g(a)(2) no matter who actually owned the debts, we

need not decide whether the district court was correct to treat that issue as undisputed at summary judgment. See *Steffek*, 2019 WL 1126079, at *2. Nevertheless, the evidentiary and procedural controversy over the parties' factual stipulation in this case raises issues that recur in summary judgment practice, so it is prudent to address the controversy.

At the first scheduling conference in the district court in March 2018, Client Services reported that it was not "100% sure" that Chase Bank still held the named plaintiffs' debts. (That initial uncertainty in the litigation tends to confirm the point that the dunning letters violated § 1692g(a)(2).) The plaintiffs then sought details about the relationship between Client Services and the as-yet-unknown owner of the debts through requests for production. Client Services objected to the requests and responded with only five pages of internal account notes, two pages for Steffek and three for Vandenwyngaard.[3]

Discovery negotiations broke down, and on August 22, 2018, the plaintiffs filed a motion to compel with the district court. Two days later, however, the parties seemed to resolve their disputes through a joint stipulation to what they agreed were "the only facts that shall be used by the Parties in support of, or in opposition to, a finding of liability by way of any dispositive motion filed by the Parties or at trial." In other words, the parties stipulated to ten facts that they thought sufficient to decide the case and agreed to halt all discovery except on the issue of damages. The stipulation provided that

---

[3] The plaintiffs did not use one of their permitted interrogatories under Federal Rule of Civil Procedure 33 to ask the identity of the current creditor.

Chase Bank "was the original creditor of the debts" but point-edly omitted the identity of the current creditor. The court approved this arrangement by order dated September 11, 2018.

The parties filed cross-motions for summary judgment on October 5, 2018. The plaintiffs' accompanying statement of facts, required by local rule, merely reiterated the ten stipulated facts. But Client Services reneged on the stipulation: its statement of facts went beyond the stipulation to claim that Chase Bank was not only the *original* but also the *current* creditor. In support of this assertion, Client Services attached an affidavit from Edward Little, its chief information officer, as well as the five pages of account notes disclosed earlier. In their opposition brief, the plaintiffs protested that the court should enforce the terms of the stipulation and disregard these new materials.[4]

The district court held a conference on March 11, 2019 to address the procedural dispute and to settle the identity of the current creditor. Client Services insisted that Chase Bank was "absolutely" the current creditor; the plaintiffs maintained that the court should restrict itself to the stipulated facts. The court concluded that the evidence showed that Chase Bank was the current creditor and granted summary judgment for Client Services the next day. *Steffek*, 2019 WL 1126079, at *2, *5.

On appeal, the plaintiffs have raised several objections. They point out that affiant Little had not been identified as a

---

[4] Client Services asserts on appeal that its clear violation of its court-approved stipulation was not deliberate but resulted from an "internal miscommunication," without any additional detail or explanation. See Appellee's Br. at 12 n.1.

knowledgeable witness in Client Services' initial disclosures or supplements. Plaintiffs also contend that the Little affidavit did not properly authenticate the Steffek and Vandenwyngaard account notes. More generally, plaintiffs object to the district court's decision to allow Client Services to breach without consequence the court-approved stipulation for the summary judgment motions. We address these points in turn.

First, a motion for summary judgment supported by an affidavit from a witness not previously disclosed in the case ordinarily will cause problems that Rule 26(a)(1)(A)(i) and (e)(1) and case management plans are intended to prevent. Rule 26(a)(1)(A)(i) requires early identification of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(e)(1) imposes a duty on a disclosing party to supplement its disclosures if they turn out to be incomplete or incorrect, at least if the new information has not already been made known to other parties. Finally, Rule 37(c)(1) directs judges to exclude evidence left out of required disclosures absent some extenuating circumstance. We are not suggesting that a party can never move for summary judgment based on an affidavit from a previously undisclosed witness. When that happens, though, judges need to be ready to address the problems the tactic creates for opposing parties so as to prevent surprise and unfair prejudice. E.g., *Baemmert v. Credit One Bank, N.A.*, 271 F. Supp. 3d 1043, 1051 (W.D. Wis. 2017) (declining to consider declaration submitted at summary judgment from a previously undisclosed witness).

Second, because the plaintiffs objected to the notes, the district court should have considered them only if it

concluded that they would be admissible at trial. See Fed. R. Civ. P. 56(c)(2) (authorizing objections that material cited to support or oppose a motion for summary judgment "cannot be presented in a form that would be admissible in evidence"); *Baines v. Walgreen Co.*, 863 F.3d 656, 662 (7th Cir. 2017) ("Evidence offered at summary judgment must be admissible to the same extent as at trial, at least if the opposing party objects, except that testimony can be presented in the form of affidavits or transcripts of sworn testimony rather than in person."). Documents must be authenticated by an affidavit that lays a proper foundation for their admissibility, even at the summary judgment stage. See *Castro v. DeVry Univ., Inc.*, 786 F.3d 559, 578 (7th Cir. 2015) (affirming district court's decision to disregard a document unaccompanied by an affidavit establishing that it met the business records hearsay exception). The Little affidavit presented a borderline case under this standard. It contained scant information concerning the provenance of the account notes to support their admissibility under Rule of Evidence 803(6).

At the same time, we recognize the practicalities of the adversary system. Parties often submit documents on summary judgment without authenticating them with affidavits thorough enough to overcome all potential objections:

> When that happens—when one side fails to cross all evidentiary t's and dot all procedural i's—it is also not unusual for opposing lawyers to choose to overlook available evidentiary or other procedural objections. Lawyers should know their cases. Courts are entitled to rely on lawyers to decide which potential objections are worth raising and which are not. This is

especially so when many such defects in summary judgment evidence could be cured quickly with a supplemental affidavit or two. Neither the rules of evidence nor the rules of civil procedure require lawyers or judges to raise all available evidentiary objections.

*Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (affirming summary judgment where objection to moving party's evidence was raised first on appeal); see also *Elghanmi v. Franklin College*, No. IP 99-879-C H/G, 2000 WL 1707934, at *1 (S.D. Ind. Oct. 2, 2000) (noting that counsel often do not include full authentication or object to its absence where there is no real dispute about authenticity of document). When an objection is raised, nothing stops the trial court from allowing the offering party to supplement the record to cure the defect. But the court may not simply ignore an objection to evidence the court will rely upon for its decision.

Third, and on the other hand, the district court retained discretion to consider facts beyond the parties' stipulation. True, "once made, a stipulation is binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law." *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989); see also *Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 677 (2010) ("[T]he parties will not be permitted to deny the truth of the facts stated, … or to suggest, on appeal, that the facts were other than as stipulated or that any material fact was omitted."), quoting 83 C.J.S., Stipulations § 93 (2000). At the same time, however, "the district court has 'broad discretion' to decide whether to hold a party to its stipulations." *Graefenhain*,

870 F.2d at 1206; see also *United States v. Nobles*, 422 U.S. 225, 235 n.9 (1975) (citing district court's "inherent power to control evidentiary matters"). Although we disagree with the district court on the relevance of the disputed information and the ultimate merits, we are not convinced that the court abused its broad discretion here in deciding to relieve Client Services of its obligations under the stipulation, at least in the absence of unfair prejudice, which we do not see.

The district court's power to consider evidence it deemed relevant or even decisive did not leave the plaintiffs without options. When Client Services breached the stipulation by offering evidence that Chase Bank still owned the debts in question, plaintiffs could have sought appropriate relief from the district court to prevent unfair prejudice. One obvious remedy would have been a delay under Rule 56(d) to conduct additional discovery. See *Smith v. OSF HealthCare System*, 933 F.3d 859, 865–71 (7th Cir. 2019) (reversing denial of Rule 56(d) motion). Plaintiffs' failure to do so supports the district court's conclusion that no actual dispute existed as to the ownership of the debt. Nevertheless, as explained above, the identity of the current creditor does not determine the outcome of this case.

The defendants' debt validation notices violated 15 U.S.C. § 1692g(a)(2) as a matter of law by failing to disclose clearly the identity of the current creditor. The judgment of the district court is therefore REVERSED. The case is REMANDED for further proceedings consistent with this opinion.

# APPENDIX



**client**
SERVICES

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047

RE: CHASE BANK USA, N.A.
ACCOUNT NUMBER: XXXXXXXXXXX3802
BALANCE DUE: $8,936.43
REFERENCE NUMBER: ████8872

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 7am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-9903

DATE: 2/22/2017

## DEBT VALIDATION NOTICE

The above account has been placed with our organization for collections.

Unless you notify our office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

We look forward to working with you in resolving this matter.

Mike Crafts

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

| Send your payment in the enclosed envelope using the remittance coupon below. | Online: www.csiconsumercenter.com |
|---|---|
| Pay-by-Phone: 1-877-552-5905 | If you are unable to pay the balance in full, contact our office at 877-288-9903 for payment options, which may be available to you. |

**Do not send correspondence to this address.**

PO Box 1586
Saint Peters, MO 63376

| REFERENCE NUMBER | ████8872 |
|---|---|
| AMOUNT ENCLOSED | |




**Checks Payable To: Client Services, Inc.**


SARAH M STEFFEK
████████████
MENASHA WI 54952-2792

REMIT TO:

CLIENT SERVICES, INC.
3451 HARRY S. TRUMAN BLVD
ST. CHARLES MO 63301-4047



 1 of 1

117611-7116-809

## CALIFORNIA

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non profit credit counseling services may be available in the area.

## COLORADO

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. The address and telephone number for Client Services, Inc.'s local Colorado office is: The Executive Building, Attn: Stokes & Wolf, P.C. as agent for Client Services, Inc., 1776 S. Jackson St., Suite 900 Denver, CO 80210 (TEL: (303) 753-0945).

## KANSAS

An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, has been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

## MASSACHUSETTS

NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

## MINNESOTA

This collection agency is licensed by the Minnesota Department of Commerce.

## NEW YORK

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: the use or threat of violence, the use of obscene or profane language, and repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

## NEW YORK CITY

New York City Department of Consumer Affairs License Number: 1306512

## NORTH CAROLINA

North Carolina Permit Number: 100705

## TENNESSEE

This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.